IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHLAND INVESTMENTS OF TENNESSEE, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:14-cv-00788 |
| LAURA TEK, ) ) | Judge Sharp |
| Defendant. ) | |

## ORDER

The plaintiff in this action is a corporation, Southland Investments of Tennessee, Inc. ("Southland" or the "plaintiff"). It seeks to proceed *pro se* and *in forma pauperis* against defendant Laura Tek. On March 25, 2014, this Court entered an order denying the plaintiff's application to proceed *in forma pauperis* and also giving the plaintiff notice that, as a corporation, it could not proceed without being represented by a licensed attorney. The Court gave the plaintiff 30 days within which to submit the $400 filing fee and also to have a licensed attorney enter an appearance on its behalf. (*See* ECF No. 3.) Plaintiff was also given notice that it needed to provide factual support for the exercise of this Court's jurisdiction over the matter, because the complaint does not state a claim under federal law, and the plaintiff's submissions indicated diversity jurisdiction is lacking.[1]

On April 25, 2014, the plaintiff filed a document titled "Offer to Show Cause Upon Sufficient Notice of 'Order'" and a supporting "Memorandum of Authority" (ECF Nos. 6 and 7) in which Charles Phillip Maxwell, as "attorney-in-fact" for the plaintiff, states that he is willing to "comply with the ORDER, either by amending the Complaint and/or showing cause." (ECF No. 6, at 1.) He protests, however, that the order is "**ambiguous** in numerous respects." (*Id.*) He has submitted a number of questions, which he

---

[1] In its complaint, Southland states that it is "an entity in, of, and by the sovereign body politic of the sovereign Republic constitutionally named in 1796 and revised in 1834 'the State of Tennessee' being one of the several sovereign Republic States of 'The United States of America' (hereinafter, 'the State of Tennessee')." (ECF No. 1, at 1–2.) On the Civil Cover Sheet filed with the complaint, Southland identifies its county of residence as Davidson and states that it is incorporated in and that its principal place of business is in Tennessee. (ECF No. 1-1.) Defendant Laura Tek, an individual, is said to have her office in Davidson County, Tennessee but to be "incorporated" and to have her "Principal Place of Business in Another State." (*Id.*) As an individual, Laura Tek cannot be incorporated.

also answers, the primary point of which appears to be to convey Mr. Maxwell's belief that that this Court lacked the "authority to change the Plaintiff's court from 'The Article III District Court of the United States of America' to 'UNITED STATES DISTRICT COURT.'" (ECF No. 6, at 2.)

Plaintiff is notified that there is no such court as "The Article III District Court of the United States of America." This Court is *an* Article III court, designated as the United States District Court for the Middle District of Tennessee. Moreover, the Court's prior order was not ambiguous. The plaintiff was instructed that it could not proceed without prepayment of the $400 filing fee, and that, as a corporation, it must be represented by a licensed attorney.

The plaintiff was directed to comply with the Court's order within 30 days of entry of that order. The plaintiff failed to comply with that order. This action is therefore **DISMISSED** without prejudice for failure to comply with the Court's order.

It is so **ORDERED**.

_____
KEVIN H. SHARP
United States District Judge